IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOHAMMAD ALI, as Trustee for the
Pete's Mountain Life Insurance Trust,

        Plaintiff,

                                 3:10-cv-00943-PK

                                 OPINION AND ORDER

v.

MIDLAND NATIONAL LIFE
INSURANCE COMPANY, an Iowa
corporation

        Defendant.

PAPAK, Judge:

      Plaintiff Mohammad Ali, trustee for Pete's Mountain Life Insurance Trust (PMLIT),

brings this suit for breach of contract and declaratory relief arising out of Defendant Midland

National Life Insurance Co.'s ("Midland") allegedly improper cancellation of the PMLIT's term

life insurance policy. Now before the court is Ali's motion for clarification or reconsideration

(#54) of this court's recent order compelling production of documents pursuant to third-party

subpoenas and denying Ali's motion to quash those subpoenas. As described below, Ali's

Page 1 - OPINION AND ORDER

motion is denied.

This case involves an alleged breach of an insurance contract. The present discovery dispute primarily pertains to the aspect of this case dealing with damages. This court recognizes that there are many potential measures of damages for breach of a life insurance contract, some that are simple to prove and calculate, others that are more complex. For example, Midland has insisted throughout this case that the correct measure of damages should be based on the return of premiums paid by plaintiff, a straightforward measure. Another possible measure of damages, assuming the insured's health allows him to obtain a replacement insurance policy, is the additional cost to obtain similar insurance. And, as the court has previously discussed, if the insured is no longer insurable he might seek damages measured by the present value of the life insurance policy at the time of breach, calculated rather simply by reducing the death benefit of the term policy by the costs of retaining that policy to the insured's life expectancy.

Here, however, Ali asserts his intention to pursue a variation on this third measure of damages, based on assumption that the trust will convert its term life policy to a whole life policy with fixed premiums in 2019 when the term expires, instead of continuing to pay continually-increasing premiums under the term policy. For the reasons described in my previous opinion and order, this measure of damages is complex and, consequently, the scope of discovery needed to respond to that theory is broad. With my previous order, I recognized the possibility that the district court might concur with plaintiff's damages theory and I therefore endeavored to allow defendant to conduct discovery to rebut that theory.

Ali now raises three different grounds for clarification and/or reconsideration.

First, in oral argument Ali claimed that this court should determine now, as a matter of

law, that Midland is prohibited from asserting a defense based on the trust's inability to make

future premium payments, since Midland's alleged material breach of the insurance contract

discharged the trust's obligation to make any additional payments. Plaintiff insists that

*Wasserburger v. American Scientific Chemical, Inc.*, 267 Or. 77, 514 P.2d 1097 (1973)

establishes this principle and suggests that the court neglected to rule on the applicability of

*Wasserburger* and the validity of Midland's proposed defense. I disagree. As I explained in my

previous order, *Wasserburger* does not require the result plaintiff seeks. *Wasserburger* simply

states that a material breach relieves the non-breaching party of any further obligation under the

contract. And there is no dispute that Ali has no further obligation to pay premiums to Midland.

But that does not resolve this discovery dispute. Ali still has not presented authority

demonstrating that in the process of estimating the *value* of the insurance policy at the time of

breach – as opposed to determining the extent of Ali's future performance obligations under the

contract– a court must make all possible assumptions favorable to Ali without regard to evidence

about the likelihood that those assumptions are valid.

Second, Ali argues that the court failed to address Ali's stipulation that Mr. Masood

would not be a source of payment for future premium payments. Mr. Masood's stipulation does

not affect my analysis. His after-the-fact stipulation is but one piece of circumstantial evidence

concerning whether, at the time of breach, Ali and the trust had the capacity and intent to convert

to a whole life policy in 2019. Midland is entitled to discovery of other circumstantial evidence

that might support the opposite conclusion.

Finally, Ali contends that this court's orders issued along with its opinion are inconsistent

with the reasoning contained in that opinion. Specifically, Ali argues that the court identified

only limited subjects that would be relevant, yet permitted discovery on a much wider range of

topics by granting Midland's motion to compel. Ali misconstrues my opinion. I determined that

all of the types of US Bank and Bank of the West records were arguably relevant to the trust's

historical financial stability, which is probative of how capable the trust might have been to

convert to a whole life policy in 2019, had the policy not been prematurely cancelled. Similarly,

I determined the Nationwide discovery was relevant to both liability and the trust's likely choice

of conversion policy and its investment and management preferences. At oral argument, I gave

Ali the option to identify and describe how specific records within the scope of the subpoenas

were not discoverable, leaving open the possibility that I would limit my ruling to omit obviously

irrelevant information. Ali did not respond to that suggestion. I therefore assume that Ali cannot

isolate any particular records subject to the subpoenas that would not be relevant to the general

topics I described in my previous order.


### CONCLUSION

For the reasons described above, Ali's motion for clarification or reconsideration (#54) is

denied.

Dated this 23rd day of January, 2012.

Honorable Paul Papak
United States Magistrate Judge