IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MOHAMMAD ALI, as Trustee for the
Pete's Mountain Life Insurance Trust,**

    Plaintiff,

    v.

**MIDLAND NATIONAL LIFE
INSURANCE COMPANY,**

    Defendant.

No. 3:10-cv-00943-PK

OPINION AND ORDER

**MOSMAN, J.**,

On October 24, 2012, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [121] in the above-captioned case, recommending that I deny defendant's motion for summary judgment [95] and plaintiff's informal motion for summary judgment contained in its response brief [108]. The parties both filed objections [123, 124] and responses to those objections [126, 127].

### DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Papak's recommendation, and I ADOPT the F&R [121] as my own opinion. I also make one clarification in response to plaintiff's objections. I agree with plaintiff that determining the objectively reasonable expectations of the parties is a question of fact. *See, e.g., Best v. U.S. Nat'l Bank*, 303 Or. 557, 565–66 (1987). For the reasons described in the F&R, however, Judge Papak found that there was no genuine issue of material fact as to whether the parties reasonably expected defendant to pursue alternative means of contact. (F&R [121] at 13–14.) I concur in that analysis.

IT IS SO ORDERED.

DATED this   14th   day of January, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

2 – OPINION AND ORDER